Labattve, J.
In this case, on tho 14th November, 1867, the Court below rendered a judgment which was signed before the expiration of three days. On the 16th of same month and year, the Court rendered an order, as follow's:
“In this case the judgment rendered, having been signed before the expiration of three days, and the Court being of opinion that the judgment, as signed, was improperly rendered, it is ordered by the Court, ex-officio, that the judgment be set aside, and the case tried d? novo.”
*169 To this ruling of the Court, plaintiff took a bill of exceptions, and he appealed from said decision.
As the law stands now, any party has the right, within three judicial days, to move for a new trial, notwithstanding- the judgment may have been prematurely signed, unless the court had adjourned sooner. C. P. Art. 558; Statutes 20th March, 1839, p. 164, Sec. 10; 5 N. S. 244; 4 An. 561. 6 An. 251.
The record shows that the court was in session 22d November, 1867, and that the judgment could not have become final before three days, by the adjournment of the court. It is well settled that a judgment is inchoate until the expiration of the delay allowed to apply for a new trial, and it is but then that the signature of the Judge can make it final. A judgment, granting a new trial, is interlocutory and not final, operating only a postponement or a continuance; it does not cause an irreparable injury; therefore no appeal lies in this case. C. P. Art. 566; 9 L. 161; 15 L. 521; 2 An. 964; 3 An. 217; 12 An. 87. We consider the case now pending below on a new trial, and it must take its course. The reversing of the order granting a new trial, could not have the legal effect of restoring the original judgment, which is open and not subject to our action.
The appeal is dismissed, at the costs of the appellant.